| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Sheryl Miller, §
§
    Plaintiff, §
§
versus §    Civil Action H-10-02671
§
Michael J. Astrue, §
§
    Defendant. §

## Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Sheryl Miller is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

Miller brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant is not disabled unless she has been medically impaired for at least twelve months. Third, a claimant is not disabled unless her impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the

claimant's impairments on her capacity to work. If the claimant is able to perform her past work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy. 20 C.F.R. §404.1520(a) (2003).

4.  Evidence.
    A. Background.

Miller is a 47-year-old woman who says that she is mentally disabled by hallucinations, delusions, anxiety, and depression. She says these cause her to lose focus, forget things, hear and see things that are not there, and be emotionally unstable.

Miller has a high-school education and has worked as a fast food cook and retail clerk. When she applied for social security on May 24, 2007, she said that her disability had begun on January 15, 2006.

The hearing officer found that Miller's disability did not meet a listed impairment. He decided that Miller could work in a number of positions, including file clerk, record clerk, or mailer, with limitations on her work hours and task complexity.

B. Application.

The hearing officer properly found that Miller was not disabled. The process was correctly followed.

First, Miller has not been gainfully employed. Second, Miller has been impaired for more than twelve months. The hearing officer found that Miller's anxiety and depression were severely impairing her. Each imposed limitations on her daily activities and were moderately restrictive. Third, none of Miller's impairments met one listed. Fourth, the officer correctly determined that Miller would be unable to perform her past work because of her mental instability. Fifth, the officer correctly considered the combined effects of her impairments and concluded that Miller could adjust to another type of work.

To determine if Miller was disabled, the officer considered all of the evidence from 2006 to 2009. The impairments Miller complains of are inconsistent from time to time. She generally complained of anxiety, memory loss, and inability to choose or focus. Miller concluded that she was unable to work, yet she still watches television, reads the newspaper, cleans and cooks, exercises, attends church, and watches her two-year old grandson. Her doctor's records indicate that she appeared to be doing better – she was more controlled,

oriented, and stable. There was enough evidence from Miller, the state medical consultant, and her doctors to show that despite some limitations, Miller is still capable of performing light work to earn an income.

5. Conclusion.

The commissioner's decision denying Sheryl Miller's claim for disability insurance is supported by substantial evidence and will be affirmed. Sheryl Miller will take nothing from Michael J. Astrue.

Signed on May 2, 2011 at Houston, Texas.

Lynn N. Hughes
United States District Judge